UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN EIKLEBERRY, ) <br> ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WASHOE COUNTY, ) <br> ) <br>       Defendant. ) <br> ) | 3:12-cv-00607-RCJ-WGC <br><br> **ORDER** |

This is a federal wage dispute arising out of unpaid "on-call" time. Pending before the Court is a Motion to Dismiss for Improper Venue (ECF No. 5). For the reasons given herein, the Court grants the motion as an unenumerated 12(b) motion.

**I.      FACTS AND PROCEDURAL HISTORY**

From September 27, 2010 to August 18, 2011, Plaintiff Kevin Eikleberry was a Sergeant for the Washoe County Sheriff's Office ("WCSO") serving as a supervising sergeant for WCSO's Search and Rescue Team. (Compl. ¶¶ 6–7, Nov. 15, 2012, ECF No. 1). These duties required Plaintiff to remain "on-call," usually on weekends, but Defendant did not pay Plaintiff for time spent "on-call," which time totaled 5655 hours, equating to $53,722.50 in pay. (*Id.* ¶¶ 7–8). Plaintiff sued Defendant in this Court for unpaid wages pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Defendant has asked the Court to dismiss under Rule 12(b)(3) for improper venue.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(3) mandates that a court dismiss a cause of action when venue does not lie. Fed. R. Civ. P. 12(b)(3).  However, Defendant's arguments are based upon Plaintiff's alleged failure to exhaust administrative remedies, i.e., arbitration.  Motions to dismiss for failure to exhaust non judicial remedies, such as arbitration requirements in collective bargaining agreements, are treated as "'non-enumerated' Rule 12(b) motion[s]." *Inlandboatmens Union of Pac. v. Dutra Grp.*, 279 F .3d 1075, 1078 & n.2 (9th Cir. 2002) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988)).  Non-exhaustion is a matter in abatement related to jurisdiction and properly addressed via a motion to dismiss but under which a district court is to examine and interpret the relevant arbitration clause and determine whether it requires arbitration of the claims as a matter of law. *See id.* at 1078 n.2, 1083–84.  Arbitration clauses in collective bargaining agreements presumptively apply to any labor dispute requiring the interpretation of the agreement. *See id.* at 1078–79.

## III. ANALYSIS

Defendant notes that "on-call" time is a topic of mandatory bargaining for public employees under both the FLSA and Chapter 288 of the Nevada Revised Statutes ("NRS"). Accordingly, Article 14 of the Collective Bargaining Agreement ("CBA"), to which the parties are subject, addresses and governs disputes concerning "on-call" time.  Defendant adduces the CBA as Exhibit A to the present Motion.  Article 14 appears on pages 10–11 (pages 14–15 of ECF No. 5-1).  There are two types of "on-call" time potentially covered by the present dispute. First, "call-in" time consists of time actually worked when an employee is called in to work at a time not normally scheduled. (*See* CBA art. 15, para. F., at 11, ECF No. 5-1, at 15).  Hours worked during "call-in" time must be paid at time-and-a-half, and at least two hours of work must be credited for a "call-in." (*Id.*).  Second, "standby time" consists of time not actually

1  worked but for which the employee is restricted so that he may be called in for "call-in" time, and
2  it specifically excludes any time during which an employee wears a pager. (*See id.* art. 15, para.
3  G., at 11, ECF No. 5-1, at 15). Hours worked during "standby time" time must be paid at one-
4  fourth the normal wage.
5        The Court grants the motion. Plaintiff has not alleged having grieved and arbitrated the
6  dispute, which is plainly covered by the CBA. (*See* CBA art. 33, at 22–23, ECF No. 5-1, at
7  26–27). Also, Plaintiff failed to respond by the stipulated extended deadline of February 21,
8  2013.

## CONCLUSION

10        IT IS HEREBY ORDERED that the Motion to Dismiss for Improper Venue (ECF No. 5)
11  is GRANTED.
12        IT IS FURTHER ORDERED that the Clerk shall close the case.
13        IT IS SO ORDERED.
14  Dated this 25th day of April, 2013.

                                                      ROBERT C. JONES
                                            United States District Judge