**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

KEVIN EIKLEBERRY,

      Plaintiff,

vs.

WASHOE COUNTY,

      Defendants.

3:12-cv-00607-RCJ-WGC

**ORDER**

This is a federal wage dispute arising out of unpaid on-call time. Pending before the Court is a motion to reconsider (ECF No. 9) its order granting Defendant's motion to dismiss (ECF No. 8). For the reasons given herein, the Court denies the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

From September 27, 2010 to August 18, 2011, Plaintiff Kevin Eikleberry was a Sergeant for the Washoe County Sheriff's Office ("WCSO"), serving as a supervising sergeant for WCSO's Search and Rescue Team. (Compl. ¶¶ 6–7, Nov. 15, 2012, ECF No. 1). These duties required Plaintiff to remain on-call, usually on weekends. However, Defendant did not pay Plaintiff for time spent on-call, which totaled 5655 hours, equating to $53,722.50 in pay. (*Id.* ¶¶ 7–8). Plaintiff sued Defendant in this Court for unpaid wages pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Defendant moved to dismiss under Rule 12(b)(3) for improper venue. Because Defendant's arguments were based on Plaintiff's failure to allege exhaustion of administrative remedies, the Court treated the motion as a "'non-enumerated' Rule 12(b) motion." ( Order, ECF No. 8, at 2 (quoting *Inlandboatmens Union of*

*Pac. v. Dutra Grp.*, 279 F.3d 1075, 1078 & n.2 (9th Cir. 2002))). The Court granted the motion and ordered the case closed, finding that Plaintiff had failed to allege that he grieved and arbitrated the dispute, which is plainly required under the controlling Collective Bargaining Agreement (the "CBA"), and that Plaintiff filed his opposition to the motion almost two full months after the stipulated extended deadline, in violation of Local Rule 7-2(d). (*See* Order, ECF No. 8, at 3). Plaintiff now moves the Court to reconsider.

## II.     LEGAL STANDARDS

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

## III.    ANALYSIS

Plaintiff does not expressly state a basis for reconsideration. However, the motion essentially asserts that the Court committed clear error, with respect to multiple findings, when it granted Defendant's motion to dismiss. (*See generally* Mot. to Recons., ECF No. 9). The Court Disagrees.

As an initial matter, under Local Rule 7-2(d) Plaintiff's failure to file a response to the motion to dismiss prior to the stipulated extended deadline "constitute[d] a consent to the

granting of the motion [to dismiss]." Thus, the Court could deny the instant motion based solely on Plaintiff's failure to timely respond. However, because of "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), the Court will address each of Plaintiff's arguments, and, ultimately, reach the same conclusion.

Plaintiff makes three arguments for reconsideration: (1) that he sufficiently plead exhaustion of his administrative remedies; (2) that by referring to documents not submitted in the complaint, but submitted with the motion to dismiss, the Court effectively granted summary judgment, but did so without applying the standard for summary judgment; and (3) that the Court disregarded controlling authorities that provide that persons covered by a CBA need not exhaust administrative remedies when filing a claim under the FLSA.

**A.  Failure to State a Claim**

Where an agreement contains an arbitration provision, a court must require the parties to submit disputed claims to arbitration absent an indication that the parties intended to exclude the subject matter of the claims from the scope of the arbitration provision. *AT&T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 654 (1986). Non-exhaustion of such procedures is a jurisdictional matter properly addressed via a motion to dismiss. *Inlandboatmens Union of Pac. v. Dutra Grp.*, 279 F.3d 1075, 1083 (9th Cir. 2002).

Article 14 of the CBA, to which both parties are subject, governs disputes concerning on-call time, (CBA, ECF No. 5-1, at 10–11), and Article 33 establishes mandatory internal procedures for resolving such disputes, (*Id.* at 22–23). These procedures require complaining employees to first submit a written grievance, specifying the provision of the CBA that has been violated and stating the facts constituting the alleged violation. (*Id.*). If the grievant is not

satisfied with the decision on the grievance, he must then submit the matter for arbitration (*Id.*). There is no indication that the Parties intended to exclude claims for on-call or standby compensation from the scope of the arbitration provisions. (*See generally id.*).

Plaintiff's complaint alleges nothing with respect to filing a grievance, submitting to arbitration, or otherwise exhausting the procedures mandated by the CBA. (*See generally* Compl., ECF No. 1). Instead, and as Plaintiff acknowledges, the complaint alleges only that Plaintiff "demanded compensation for such work at the appropriate rate," and that "defendant has refused to pay said compensation." (Mot. to Recons., ECF No. 9, at 4 (quoting Compl. ¶9, ECF No. 1)). Plaintiff attempts to cure this deficiency, arguing that "[a]lthough not stated in the [c]omplaint that the demand was made by filing a grievance and an amended grievance, that is precisely what occurred." (*Id.*). A deficient pleading, however, cannot be cured by new allegations raised in a plaintiff's opposition to a motion to dismiss. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)); *see also 2 Moore's Federal Practice*, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Indeed, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Nonetheless, even if the Court could consider these "new" allegations, they would not warrant reconsideration. The CBA requires more than simply filing a written grievance; it requires unsatisfied grievants to submit to arbitration. (*Id.* at 22–23 ). Thus, in order to survive Defendant's motion to dismiss, Plaintiff needed to allege that he appropriately submitted the

matter for arbitration. He made no such allegations in his complaint or, for that matter, in any of his other filings. Accordingly, the Court properly dismissed the complaint.

### B. Consideration of Defendant's Attachments

Plaintiff also contends that because the Court referred to the CBA, which was not submitted with the complaint, but instead attached to the motion to dismiss, it effectively treated Defendant's motion as a motion for summary judgment, without applying the legal standard for ruling on a motion for summary judgment. (Mot. to Recons., ECF No. 9, at 8). This argument confuses a well settled rule.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Here, Plaintiff has made claims that are clearly governed by the contents of the CBA. He has not disputed the CBA's coverage, and he has not raised questions concerning the document's authenticity. Therefore, the Court properly considered the contents of the CBA without converting Defendant's motion into a motion for summary judgment.

### C. Whether the Claim Has an Independent Basis In the Fair Labor Standards Act

Finally, Plaintiff argues that the Court disregarded controlling authorities that provide that persons covered by a CBA need not exhaust administrative remedies when filing a claim

under the FLSA. While this argument may have some merit in the abstract, it is unavailing here, because Plaintiff has not made a claim under the FLSA.

As Plaintiff deftly notes in his tardy response to the motion to dismiss, "a claim couched as a statutory claim is still subject to exhaustion requirements if the claim is in reality 'essentially on the contract.'" (Opp'n to Mot. to Dismiss, ECF No. 7, at 9 (quoting *Collins v. Lobdell*, 188 F.3d 1124, 1127 (9th Cir. 1999))). In the present case, Plaintiff's claim sounds in contract, even if it is couched as statutory claim. Essentially, Plaintiff asserts that nonpayment for on-call time constitutes a violation of section 206 of the FLSA, and that this gives rise to liquidated damages under section 216. Poignantly, however, Plaintiff has not alleged that the CBA itself violates the FLSA, or, in other words, that the CBA purports to contain a waiver of statutorily protected rights. Instead, he has simply alleged that he has not been paid for services rendered. Thus, the question before the Court is not one of statutorily protected rights, but one of contract enforcement. Accordingly, the claim is subject to the exhaustion requirements.

Furthermore, granting leave to amend the complaint would be futile; on-call time of the type alleged is plainly not compensable under the FLSA. *See McCray v. Ace Parking Mgmt., Inc.*, 453 F. App'x 740, 741 (9th Cir. 2011) (Waiting or on-call time is compensable under the FLSA only if an employee is "engaged to wait," and a Plaintiff fails to state a claim under the FLSA where the allegations show only that he "waited to be engaged."); *Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 935–36 (9th Cir.2004) (explaining the predominate factors for determining whether an employee is "engaged to wait" or "waiting to be engaged"); 29 C.F.R. §§ 785.14, 785.17 (explaining how to determine whether "waiting" and "on-call" time constitutes compensable "hours worked" under the FLSA); *see also Armitage v. City of Emporia, Kan.*, 982 F.2d 430, 432 (10th Cir. 1992) ( Holding that police officers' on-call time was not

compensable where the officers were allowed to do as they pleased while on call, as long as they remained sober; could be reached by beeper; were required to report to duty within twenty minutes of responding to the page; and on average, were called in less than two times per week); *Birdwell v. City of Gadsden*, 970 F.2d 802 (11th Cir. 1992) (reaching the same conclusion on similar facts). Accordingly, the Court properly granted Defendant's motion to dismiss without granting leave to amend. Therefore, the motion to reconsider is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Reconsideration (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated: October 30, 2013

_____
ROBERT C. JONES
United States District Judge